## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER O'ROURKE,                    CASE NO.:_____

      Plaintiff,

      v.


LIEBRE & KOB INDUSTRIES, LLC,
a New York Corporation.

      Defendant.
_____/

## COMPLAINT

Plaintiff, CHRISTOPHER O'ROURKE (hereinafter "Plaintiff"), sues Defendant, LIEBRE & KOB INDUSTRIES, LLC (hereinafter "Defendant"), for injunctive relief, damages, attorney's fees, and litigation costs, pursuant to 42 U.S.C. § 12181 *et seq*. (hereinafter "AMERICANS WITH DISABILITIES ACT" or "ADA"), the ADA Accessibility Guidelines 28 C.F.R. Part 36 (hereinafter "ADAAG"), the NEW YORK CITY HUMAN RIGHTS LAW ("NYCHRL"), and the NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL") and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for declaratory and injunctive relief brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and § 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims that arise out of the same nucleus of facts and circumstances as the subject federal claims.

2. Venue is proper and lies in this Court pursuant to 28 U.S.C. §1391 in that the transaction or occurrence giving rise to this lawsuit occurred in the Southern District of New York.

3. The remedies provided by New York State Human Rights Law Against Discrimination are not exclusive and state administrative remedies do not need to be exhausted in connection with a lawsuit commenced pursuant to the Federal Civil Rights Act.

## THE PARTIES

4. At all times material hereto, Plaintiff, CHRISTOPHER O'ROURKE, was and is over the age of 18 years, *sui juris*, and a resident of Manhattan, which is located within the Southern District of New York.

5. Plaintiff has at all material times suffered from a "qualified disability" under the ADA. As a result of spinal stenosis, bilateral hip replacement, total knee replacement, spinal fusion, neuropathy affecting both legs with resultant muscular atrophy, as well as a steel rod in his right tibia and fibula, Plaintiff is severely limited in his ability to walk or traverse stairs, and must use a motorized wheelchair to travel more than a short distance. Plaintiff also has serious limitations in his arms and shoulders as a result of a shoulder replacement and other surgeries.

6. That, Defendant LIEBRE & KOB INDUSTRIES, LLC, is a New York corporation authorized to conduct and conducting business within the State of New York, and is the owner of the real property which is subject to this action located at 232 East 58th Street, in New York City (the "Subject Property").

7. The Subject Property is a place of public accommodation as that term is defined by the ADA; specifically, the Subject Property is operated by Defendant's tenant as a restaurant known as "Chola."

2

8.  Prior to the commencement of this action, Plaintiff visited the Subject Property; however, Plaintiff was denied full and equal access to, and full enjoyment of the facilities at the Subject Property and/or of the accommodations offered to the public therein, in that Plaintiff was restricted and limited in his ability to access the Subject Property by virtue of his disabilities, as set forth more fully below.

## COUNT I
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

9.  Plaintiff re-avers the allegations set forth above, as though fully set forth herein.

10. On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

11. Congress specifically found, *inter alia*, that:[1]

    a.  Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

    b.  Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    c.  Discrimination against individuals with disabilities persists in such critical areas of employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

    d.  Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural,

---

[1] 42 U.S.C. § 12101(a)(1) – (3), (5), and (9).

transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

e.  The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

12. Congress explicitly set forth the purpose of the ADA; to wit:[2]

(i)  Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)  Provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)  Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

13. The congressional legislation gave places of public accommodation a time period of up to one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[3]

---

[2] 42 U.S.C. § 12101(b) (1) (2) and (4).

[3] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

14. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA (the "ADAAG").[4]

15. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[5]

16. The Subject Premises is legally required to be, but is not, in compliance with the ADA and ADAAG.

17. Such non-compliance includes but is not limited to the following:

    a. Exterior ground floor outside the front door is comprised of an uneven surface in violation of ADAAG §403 and 302.

    b. Path leading to the entrance is inaccessible as a result of steps at interior side of entrance door having no ramp or other ADA compliant means of ingress or egress in violation of ADAAG § 206, 207 and 303.[6]

    c. Completely inaccessible dining area (having unique characteristics and more than 25% of total restaurant seating) in violation of ADAAG § 206.

    d. Inaccessible travel path to restroom. Required minimum clear width is not provided at the travel path to restroom in violation of ADAAG § 403.

    e. Minimum required maneuvering clearance not provided at restroom door in violation of ADAAG § 404.

---

[4] 29 C.F.R. Part 36.

[5] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

f.  Noncompliant door knob at restroom door requires twisting of the wrist in violation of ADAAG § 404.

g.  Minimum required turning space not provided in restroom in violation of ADAAG § 603.

h.  Inaccessible lavatory in restroom is missing required knee and toe clearance and minimum required clear floor space not provided in violation of ADAAG § 606, 305.

i.  Non-compliant height of lavatory exceeds maximum height allowance in violation of ADAAG § 606.

j.  Non-compliant insulation of pipes and waterlines under the lavatory in violation of ADAAG § 606.

k.  Inaccessible paper towel dispenser in restroom and non-compliant mounted height of paper towel dispenser exceeds maximum height allowed in violation of ADAAG § 606.

l.  Inaccessible urinal in restroom and required minimum clear floor space not provided at urinal, in violation of ADAAG § 605 & 305.

m.  Non-compliant mounted height of urinal exceeds maximum height allowed in violation of ADAAG § 605.

n.  Inaccessible water closet in restroom. Required minimum clearance not provided at water closet in violation of ADAAG § 604.

o.  Required grab bars not provided on rear and side walls of water closet in violation of ADAAG § 604.

      p.  Non-compliant distance of water closet from side wall in violation of ADAAG § 604.

18. This is not intended as a complete list of ADA and ADAAG violations at the Subject Property. Additional violations will be set forth within Plaintiff's expert disclosures and report, following inspection made pursuant to Fed. R. Civ. P. 34.

19. Plaintiff was and is blocked by physical barriers to access at the Subject Property, dangerous conditions, and ADA violations, existing upon the Subject Property, including those specified above. These violations, which include but are not limited to those enumerated herein, prohibit Plaintiff from fully accessing the Subject Property, and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

20. Remediating the ADA and ADAAG violations set forth herein is both technically feasible and readily achievable.

21. Plaintiff intends to visit the Subject Property again in the future (immediately upon Defendants' compliance with an Order of this Court requiring that Defendants remedy the subject ADA violations) in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Subject Property; however, in light of his disabilities, unless and until the Subject Property is brought into full compliance with the ADA and its implementing regulations, Plaintiff will remain unable to fully, properly, and safely access the Subject Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

22. As a result of the foregoing, Defendant has discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Defendants' Property and

Subject Premises.   Defendant's discrimination is specifically prohibited by 42 U.S.C. § 12182, *et seq*.

23. Moreover, Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until it is compelled by this Court to remove all physical barriers upon the Subject Property, which violate the ADA and ADAAG, including but not limited to those specifically set forth herein, and to make the Defendant's Property and Subject Premises, accessible to and usable by persons with disabilities, including Plaintiff.

24. Plaintiff is without adequate remedy at law, and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist upon the Subject Property, including but not limited to those set forth herein.

25. This Court is vested with authority to grant injunctive relief sought by Plaintiff, including entry of an order requiring alteration and modification of the Subject Property so as to make readily accessible to and useable by individuals with disabilities to the extent required by law.

## COUNT II
## VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

26. Plaintiff re-avers the allegations set forth above as though fully set forth herein.

27. The New York State Human Rights Law provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation…. because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability … [7]

---

[7] NYS Exec. Law § 296 (2)(a).

28. The Subject Property is a place of public accommodation as defined by the New York State Human Rights Law.

29. Plaintiff visited the Subject Property and encountered architectural barriers made illegal by the ADA and ADAAG, and by the New York State Human Rights Law.

30. By maintaining architectural barriers that discriminate against people with disabilities through the actions described above, Defendant has, directly or indirectly, refused, withheld, and/or denied to Plaintiff, because of his disability, the accommodations, advantages, facilities or privileges thereof provided at the Subject Property. Failure by Defendant to act to identify and remove barriers can be construed as an act of "negligent per se."

31.  Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above and, in addition to injunctive relief, seeks judgment pursuant to N.Y. Exec. Law §297, including damages pursuant to § 297(9) thereof.

## COUNT III
## VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

32. Plaintiff re-avers the allegations set forth above as though fully set forth herein.

33. The New York City Human Rights Law provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived…disability…of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof…to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of …disability…[8]

---

[8] NYC Admin Code § 8-107(4)(a)

34. Defendant is in violation of the New York City Human Rights Law by denying the Plaintiff full and safe access to all the accommodations, benefits and services of Defendants' Property and Subject Premises.

35. Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above and, in addition to injunctive relief, seeks judgment pursuant to the New York City Human Rights Law and all relief provided for thereunder.

**ATTORNEYS' FEES, COSTS, AND DAMAGES**

36. Plaintiff has retained attorneys for purposes of filing and prosecuting this lawsuit.  Pursuant to the ADA and New York City Human Rights Law, Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by the Defendant.[9]

37. Plaintiff requests entry of judgment for damages pursuant to New York state law, including but not limited to damages contemplated by N.Y. Exec. Law §297(9).

**INJUNCTIVE RELIEF**

38. Pursuant to 42 U.S.C. § 12188, this Honorable Court is vested with the authority to grant injunctive relief in favor of the Plaintiff, including but not limited to the issuance of an Order to alter the Subject Property so that it is made readily accessible to, and useable by, all individuals with disabilities, including Plaintiff, as required pursuant to the ADA, the New York State Human Rights Law, New York City Human Rights Law, and closing the facilities until the requisite modifications are complete.

WHEREFORE, Plaintiff hereby demands judgment against the Defendant and requests injunctive and declaratory relief including the following:

---

[9] 42 U.S.C. §§ 12205, 12117

a. A declaration that Defendant is in violation of the ADA, the New York State Human Rights Law and the New York City Human Rights Law; and

b. An Order requiring Defendant to evaluate and neutralize its policies, practices and procedures towards individuals with disabilities; and

c. An Order requiring that Defendant undertake and complete a program of corrective remodeling, reconstruction, and other such actions as may be necessary, to remediate and eliminate all ADA and ADAAG violations found at trial to be present upon the Subject Property; and

d. An Order requiring Defendant to alter all of their facilities and amenities (whether or not remodeling or reconstruction is required) to make those facilities accessible to and useable by individuals with disabilities as required pursuant to Title III of the ADA, the ADAAG, and by NYSHRL and the NYCHRL;

e. Requiring that the Subject Property be closed to the general public until such time as it complies with all ADA, ADAAG, NYSHRL and NYCHRL requirements, including but not limited to complete remediation of physical barriers to access on the Subject Property.

f. An award of reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of the Plaintiff; and

g. An award of damages in favor of Plaintiff in the maximum amount permitted by the NYSHRL and/or NYCHRL; and

h.  Such other and further relief that this Court deems just, necessary and proper.

DATED this **6th** day of **March,** 2017.

Respectfully Submitted,

**LAW OFFICES OF NOLAN KLEIN, P.A.**
*Attorneys for Plaintiff*
347 West 36th Street, Ste. 805
New York, NY 10018
PH:     (646) 560-3230
FAX:   (877) 253-1691

By:  _/s/ Nolan Klein_____
       NOLAN KLEIN, ESQUIRE
       (NK 4223)
       klein@nklegal.com
       amy@nklegal.com
       VALERIE K. FERRIER, ESQUIRE
       (VF 0209)
       ferrier@nklegal.com